ARNOLD ENGELS, Jr., Appellant, v. EDWARD D. HEATLY, Respondent.

Where a party makes a purchase from an innocent agent, who afterwards parts with the money of his principal, and it afterwards turns out that such purchase avails the purchaser nothing : *Held*, that no right of legal complaint will lie against the agent.

APPEAL from the District Court of the Twelfth Judicial District, San Francisco County.

The facts are as follows :

On the 15th day of December, 1852, Lewis Reford and Thomas C. Thomas held a mortgage on, and were in possession of the ship Thracian, and were joint owners in the adventure of the voyage on which the ship was then engaged.

The defendant having instructions from Reford, who resided at Panama, to make sale of his interest, did, on the 2d of February, 1853, as his agent, sell and transfer all of Reford's interest in and to the ship and adventure, to Thomas, for the sum of $3,500.

On the 15th day of March following, pursuant to instructions received from Reford, defendant remitted the $3,500 to Messrs. Williams & Lockett, of Liverpool—at the same time advising them of the source from which this sum was derived. The remittance was received and duly acknowledged.

On the 12th day of April, 1854, Thomas assigned to the plaintiff for a valuable consideration, all "his right, title, and interest in and to any claim then existing, or which might thereafter exist, against all parties, arising from or out of the sale of Reford's interest in the ship, to Thomas, by the defendant Heatly, as Reford's agent."

On the 31st of January, 1853, Reford's interest in the ship was attached, at the suit of Montefore & Burgoyne, and the same sold at sheriff's sale, upon an execution issued upon the judgment obtained in the suit in which the attachment issued.

Both Thomas and the defendant, at the time of the sale, were unaware of the attachment.

The suit is brought to recover back the purchase money. Upon the

statement of facts as above rendered, a jury trial having been waived by both parties, the caused was tried by the Court, who gave judgment for the defendants.

Plaintiff appealed.

*Burritt & Gorham*, for Appellants.

1. The sale by Heatly to Thomas, conveyed nothing, and the purchase money paid by Thomas may be recovered back. Canal Bank *v.* Bank of Albany, 1 Hill, 287. Young *v.* Cole, 3 Bingh., N. C., 724. Wilson *v.* Milner, 2 Campb., 452. Gardner *v.* Gray, 4 Ib., 144. Ib., 169. 6 Taunt., 108.

2. Heatly is liable because he acted in the capacity of agent for a foreign principal. Story on Agency, § 268, *et seq.*

*C. Temple Emmett*, for Respondent.

However defective may be the title which Thomas acquired by this sale, in the face of the facts as given, Heatly, the agent, cannot be held answerable for it. 2 Kent's Com., 630, and cases cited: Story on Agency, §§ 153, 154. *et seq.*, and notes, and § 300. Dunlap's Paley on Agency, p. 181, and note. Rathbone *v.* Budlong, 15 Johns., 1. Emerson *v.* Providence Hat Manuf. Co., 12 Mass. 237. Dubois *v.* Del. and Hud. Canal Co., 4 Wend., 285.

HEYDENFELDT, J., delivered the opinion of the Court. BRYAN, J., concurred.

The plaintiff knew as well as the defendant the condition of that which he purchased. It does not appear that he was in any wise disturbed in his rights by the seizure on attachment. We cannot upon this record decide what the plaintiff obtained by his purchase; but if it should avail him nothing, he has no right of legal complaint against Heatly, who was an innocent agent, and had already parted with the money of his principal, which he obtained by virtue of the sale to Thomas.

Judgment affirmed.